IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| William Jeffrey Gilliam, | ) | C/A No. 2:05-CV-2510-DCN |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Viacom Corporation and Siemens | ) | **ORDER** and **OPINION** |
| Westinghouse Power Corporation, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

## I.  Background

On June 27, 2005, the United States Bankruptcy Court for the District of South Carolina granted appellees' motion for summary judgment in adversary no. 04-80020, which led to this appeal.

## II.  Facts

On August 30, 2005, appellant filed his notice of appeal from bankruptcy court in this court, and the district court clerk sent a notice to appellant that the appeal had been docketed.  On September 6, 2005, Magistrate Judge Carr issued an order (the "Order") directing appellant to "serve and file his brief within fifteen (15) days from the entry on the docket of this Order pursuant to Rule 8007 and Rule 8009 of the Bankruptcy Act and Rules."  (Order at 2.)  The Order contained a footnote after this sentence that stated: "Pursuant to Rule 8009(a) of the Bankruptcy Rules, '[u]nless the district court . . . by local rule or order excuses the filing of briefs or specifies different time limits,' the parties will file briefs according to Federal Rules of Bankruptcy Procedure, Rule 8007.  This Order specifies the time limits for filing briefs in this case."  (Order at 2.)

On September 29, 2005, the bankruptcy court partially transmitted the record on appeal to the district court. On October 4, 2005, appellees filed a motion to dismiss because more than fifteen days had elapsed since entry on the docket of Judge Carr's Order, and appellant had failed to prosecute his appeal in a timely manner. Appellant filed his response in opposition to appellees' motion to dismiss on November 8, 2005. Docketing of the record on appeal was completed on December 6, 2005. Appellant filed his brief on February 1, 2006.

### III.  Law

In determining "when a bankruptcy appellant is tardy in making a non-jurisdictional filing . . . , the district court must exercise its discretion under Rule 8001(a) in deciding whether or not to dismiss the appeal." In re SPR Corp., 45 F.3d 70, 74 (4th Cir. 1995). "[T]he sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline . . . [is] a harsh sanction which a district court must not impose lightly." In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992) (quoting In re J.R. Orgain, Jr., 898 F.2d 146 (4th Cir. 1990)). "In applying Rule 8001(a)," a district court is to take at least one of the following steps under the Serra test: "(1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." In re SPR Corp., 45 F.3d at 72 (quoting Serra, 970 F.2d at 1311). While "read literally, Serra mandates at least one of four steps," In re SPR Corp. 45 F.3d at 74, all four steps should really be considered:

> One of those steps (step two) is giving the tardy appellant "notice and opportunity to explain the delay." The notice and explanation step could not end the inquiry, however, because the exercise of discretion is required. Any fair reading of Serra reveals that a proper application of its test will normally require a district court to consider and balance all relevant factors, including the good faith of the appellant (*see* step one) and possible prejudice to other parties (*see* step three). Finally, throughout the process a district court should bear in mind that, although dismissal is an option, less drastic alternatives must be considered (*see* step four).

In re SPR Corp., 45 F.3d at 74.

### IV. Analysis

Appellees based their motion to dismiss this bankruptcy appeal on appellant's failure to timely file his brief pursuant to the time limitations stated in Judge Carr's September 6 Order. As noted above, Federal Rule of Bankruptcy Procedure 8009 provides that an appellant must file a brief within fifteen days after entry of the appeal on the docket, unless the district court specifies different time limits. Judge Carr stated in his Order that the fifteen day time limit was to run from the date of the docketing of his Order; in a footnote, he noted that the Order specified the time limits in this case. Appellant reasons that his failure to file the brief within the time limit is excused by the bankruptcy court clerk's failure to transmit a copy of the record on appeal as required by Rule 8007. This court agrees that appellant's failure to abide by the procedural time limits for filing his appellate brief is not fatal to his case.

Appellant argues that Rule 8009(a)(1) provides that the fifteen day time clock is not triggered until the actual record on appeal is transmitted to the district court. The language of Rule 8009(a)(1) states: "The appellant shall serve and file a brief within 15

days after entry of the appeal on the docket pursuant to Rule 8007." Fed. R. Bankr. P.

8009(a)(1). Rule 8007(b) provides:

> When the record is complete for purposes of appeal, the clerk shall transmit a copy thereof forthwith to the clerk of the district court of the bankruptcy appellate panel. On receipt of the transmission the clerk of the district court or the clerk of the bankruptcy appellate panel shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed.

Fed. R. Bankr. P. 8007(b).

In this case, the record was partially docketed almost a month after the appeal was docketed.[1] Appellant argues that the completion of this "ministerial task" is "a requirement for the triggering of the fifteen day time clock for an appellant's brief, and since appellant has timely complied with all of the matters within his control, appellees' motion to dismiss should be denied." (Appellant's Mot. Opp. Dismiss 3.)

While Rule 8009 does not control the time limits for the filing of appellant's brief in this case, appellant is correct that the order in which the record on appeal was docketed and the notice sent out was not normal procedure. As the Third Circuit noted in Jewelcor:

> Initially, the notice of appeal is filed in the office of the bankruptcy court clerk, not with the district court clerk. Within 10 days of filing the notice of appeal, the appellant must provide the bankruptcy court clerk with certain items to be included in the appellate record. Thereafter, the bankruptcy clerk must transmit a copy of the record to the district court. <u>All of this must be done prior to the docketing of the appeal with the district court.</u>"

---

[1] The appeal was filed on August 30, 2005, and parts of record on appeal were docketed on September 29, 2005. However, as appellant noted during the February 2, 2006 hearing, the full record on appeal was not docketed until December 6, 2005.

4

Jewelcor, 11 F.3d at 398 (emphasis added). The Third Circuit further commented that "[w]here the rules impose such a tight limitations period and the sanction for failure to meet a deadline is dismissal of the appeal, we must consider the actions of not only the parties, but also designated court officials, when determining whether the critical limitations period has lapsed." Id. In Jewelcor, the Third Circuit reversed the district court's dismissal of the appeal because no notice of when the appeal had been docketed had been given. Id. at 397.

In order to dismiss this case for appellant's failure to timely prosecute his appeal under Rule 8009, this court is to take the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives. Serra, 970 F.2d at 1311.

While appellant is not completely without fault, it is this court's opinion that his failure to file his appellant brief within the specified time limit does not warrant dismissal under the Serra test. The docket clearly shows that the record on appeal was not complete until December 6, 2005, but no notice was sent out to appellant to let him know that the docketing was complete. As the Third Circuit noted in Jewelcor:

> The 15-day time period is triggered not by the letter of transmittal from the *bankruptcy* court, but the docketing and sending of notice by the *district* court clerk. Without notice from the clerk of the district court, an appellant cannot be certain of the precise date on which the appeal was docketed. <u>Given the extremely restricted time period in which the appellant is to file the brief, notice to the parties from the district court clerk is critical</u>.

Jewelcor, 11 F.3d at 398 (second emphasis added).   In the case at bar, notice was sent to appellant on August 30, 2005, almost a full month before the record on appeal was partially docketed on September 28, 2005.  In a letter dated November 2, 2005, appellant contacted the bankruptcy court clerk's office because he had not yet received any of the materials that he had designated.  The full record on appeal was not docketed until December 6, 2005.  However, no additional notice was sent to appellant at this time.

Because the record on appeal was not completely docketed until December 6, 2005, and appellant was not properly given notice, this court finds no bad faith or negligence in his failure to file the appellate brief within the time period specified in Judge Carr's Order.  Appellant's delay has not had a prejudicial effect on appellees, and alternative sanctions are available to compensate appellees for their time in bringing this motion.  Pursuant to Serra, dismissal of appellant's bankruptcy appeal for his failure to comply with procedural time line for the filing of his appellate brief would be excessively harsh and inappropriate.

## V.  Conclusion

For the reasons set forth above, it is therefore **ORDERED** that appellees' Motion to Dismiss be **DENIED**.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**May 24, 2006
Charleston, South Carolina**

6